UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Albert Scruggs, | ) | C/A No. 5:17-cv-00211-RBH-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Bush, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prison inmate appearing pro se, submitted a "Petition [for] Relief pursuant to *Martinez v. Ryan*," ECF No. 1, which the court construes as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See* Jan. 26, 2017 Order 1 n.1, ECF No. 6. In response to the court's January 26, 2017 Order, Petitioner placed his allegations on a court-approved § 2254 petition form. ECF No. 1-4. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.    Factual Background

In the Petition submitted by Albert Scruggs ("Petitioner"), a South Carolina state prisoner, Petitioner seeks to challenge convictions and a life sentence entered in January 2003 on a Richland County jury verdict. Petitioner claims that he was improperly identified and was not at the location where the crimes occurred. He also claims that a police officer with some connection to the case was terminated. ECF No. 1-4 at 5. Petitioner also asserts that erroneous burden-shifting jury instructions were given. *Id.* at 10. The same 2003 convictions and sentence

challenged in the instant Petition were the subject of a previous habeas action that this court considered and decided on the merits adversely to Petitioner ("the initial habeas case"). The jury-instruction claim was one of several claims raised and considered in the initial habeas case.[1] *Scruggs v. Stevenson*, Civil Action No. 5:12-2940-RBH. There is no indication that Petitioner obtained permission from the Fourth Circuit Court of Appeals before he filed the Petition now under review.

II.     Standard of Review

        Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

        This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a

---

[1] The other claims raised in the initial petition were lack of subject-matter jurisdiction; ineffective assistance of counsel for failure to request a mistrial, failure to object to the life sentence without parole, and failure to request a mental evaluation; and improper jury instructions. *Scruggs v. Stevenson*, Civil Action No. 5:12-2940-RBH, ECF No. 42 at 10.

clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case be summarily dismissed.

III.    Discussion

If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without the necessity of requiring a responsive pleading from the government. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). The AEDPA amended Chapter 153, effecting several substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here, the AEDPA codified and extended judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) or a second or successive §

2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals. *See In re Vial*, 115 F.3d at 1194.[2] The "gatekeeping" mechanism created by the AEDPA added § 2244(3)(A) to provide:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, NO. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 8, 2010).

The Petition filed in this case appears to be a second and successive petition because it raises claims against the validity of the 2003 Richland County convictions that either were or could have been brought in the initial habeas case. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). The Petition filed in this case should be dismissed as successive because Petitioner's procedural history in this court shows that Petitioner has already filed one petition for writ of habeas corpus based on his 2003 Richland County convictions for kidnapping, assault with intent to commit criminal sexual conduct, and second-degree burglary and the life sentence he received. That petition was dismissed by the court "with prejudice" following consideration of the merits of the claims raised. *Scruggs v. Stevenson*, Civil Action No. 5:12-2940-RBH, ECF No. 81. *See Pugh v. Smith*, 333 F. App'x 478, 480 (11th Cir. 2009) (dismissal of initial habeas petition with prejudice made second petition successive; successive petition could not be

---

[2] With authorization, a petitioner may be able to present a claim for the first time in a successive habeas petition when the claim relies on a new rule of constitutional law, *see* 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, and the petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). *See Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). "The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." § 2244(b)(3)(E).

considered absent authorization from appellate court). As a result, the dismissal of the initial habeas case with prejudice meant that Petitioner needs authorization from the Fourth Circuit Court of Appeals before he can file another § 2254 petition in this court.

As previously stated, there is no indication in the Petition under review that authorization was sought from the Fourth Circuit before this case was filed. Because Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file this successive Petition in this district court, this court does not have jurisdiction to consider it. The unauthorized Petition under review is subject to summary dismissal. *See United States v. Winestock,* 340 F.3d 200, 205-06 (4th Cir. 2003)*; Moody v. Maynard*, 105 F. App'x 458, 464-65 (4th Cir. 2004).

IV.     Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

April 21, 2017                                          Kaymani D. West
Florence, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).