UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Albert Scruggs, | ) | Civil Action No.: 5:17-cv-00211-RBH |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| Warden Bush, | ) | |
| Respondent. | ) | |

Petitioner Albert Scruggs, a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. The matter is now before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Kaymani D. West.[1] *See* R & R [ECF No. 25]. The Magistrate Judge recommends summarily dismissing Petitioner's § 2254 petition without prejudice. R & R at 5. Petitioner has filed objections to the R & R. *See* Pet.'s Objs. [ECF No. 28].

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] This matter was automatically referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

**Discussion**[2]

Petitioner previously filed a § 2254 petition, which this Court considered on the merits and dismissed with prejudice.[3] *See Scruggs v. Stevenson*, No. 5:12–CV–02940–RBH, 2014 WL 958280 (D.S.C. Mar. 11, 2014) ("*Scruggs I*"). Petitioner has now filed a second § 2254 petition challenging the same convictions that were the subject of his first § 2254 petition. *Compare* ECF No. 1, *with Scruggs I* at ECF No. 1. The Magistrate Judge recommends dismissing the instant petition as successive, noting there is no indication that Petitioner obtained pre-filing authorization from the United States Court of Appeals for the Fourth Circuit before filing it. R & R at 2, 4–5.

Although Petitioner filed objections, he does not dispute the Magistrate Judge's findings that his petition is successive and that he has not obtained pre-filing authorization. Instead, Petitioner addresses the various claims he wishes to have the Court consider.[4] *See* Pet.'s Objs. at 1–4. The Court

---

[2] The R & R thoroughly summarizes the background of this case, with applicable dates and citations to the record. *See* R & R at 1–2, 4.

[3] Petitioner did not appeal the Court's order.

[4] Petitioner indicates he wishes to bring these claims pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012) (holding inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial). Pet.'s Objs. at 1. However, "federal courts have

2

reiterates it may only consider objections pointing to a specific error in the R & R. *See Camby*, 718 F.2d at 199–200 (explaining that if a party's objections lack the requisite specificity envisioned by 28 U.S.C. § 636(b)(1)(C), the district court need not conduct a de novo review of those portions of the R & R to which no specific objections have been made); Fed. R. Civ. P. 72(b) (permitting a party to "serve and file *specific* written objections to the proposed findings and recommendations" of the magistrate judge (emphasis added)).

Regardless of Petitioner's failure to challenge the Magistrate Judge's proposed findings, the Court agrees with those findings. This Court decided Petitioner's first § 2254 petition on the merits. *See Scruggs I*, 2014 WL 958280 (granting the respondent's motion for summary judgment and dismissing the petition with prejudice). Consequently, the petition currently before the Court is successive. *See Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000) (defining a successive petition as one filed after an initial petition was decided on its merits). Moreover, there is no evidence showing Petitioner obtained pre-filing authorization from the Fourth Circuit to file a successive petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Easter v. Johnson*, 107 F. App'x 348, 349 (4th Cir. 2004) ("In the absence of pre-filing authorization, the district court is without jurisdiction to entertain

---

uniformly determined that *Martinez* did not establish a new rule of constitutional law." *McDowell v. McFadden*, No. CV 2:14–4650–TMC, 2015 WL 11109870, at *1 (D.S.C. June 2, 2015) (collecting cases), *appeal dismissed*, 622 F. App'x 278 (4th Cir. 2015). *See, e.g.*, *Akbar v. McCall*, No. 0:13–CV–549–DCN, 2013 WL 3356213, at *3 (D.S.C. July 3, 2013) ("[B]ecause *Martinez* is an equitable ruling which did not establish a new rule of constitutional law, the case does not provide authorization for Petitioner to proceed with a second or successive habeas corpus petition under 28 U.S.C. § 2244(b)(2)(A)." (internal quotation marks omitted)), *appeal dismissed*, 543 F. App'x 340 (4th Cir. 2013). In any event, § 2244(b) still requires Petitioner to obtain pre-filing authorization from the Fourth Circuit. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).").

the successive petition."). Consequently, the Court lacks jurisdiction over Petitioner's current § 2254 petition and must dismiss it.

**Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**Conclusion**

Based upon the foregoing, the Court overrules Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's R & R [ECF No. 25]. Accordingly, the Court **DISMISSES** Petitioner's § 2254 petition *without prejudice* and without requiring Respondent to file an answer or return. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
May 26, 2017  R. Bryan Harwell
 United States District Judge